IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

IN RE: ELIZABETH JULIA PAWLAK   :

_____

                              :

ELIZABETH JULIA PAWLAK
       Appellant            :

   v.                      :  Civil Action No. DKC 14-2839

                              :

UNITED STATES DEPARTMENT OF
EDUCATION                   :
       Appellee

                              :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this bankruptcy appeal is a motion to dismiss filed by Appellee United States Department of Education ("DOE" or "Appellee"). (ECF No. 6). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the reasons that follow, the motion will be granted.

**I. Background**

The facts underlying this bankruptcy appeal were discussed in a prior memorandum opinion adjudicating a separately filed bankruptcy appeal (arising out of the same adversary proceeding in bankruptcy court) and need not be repeated. *See In re Pawlak*, 520 B.R. 177 (D.Md. 2014). As explained in that opinion, on May 22, 2014, Appellant filed a request for certification for direct interlocutory appeal to the United

States Court of Appeals for the Fourth Circuit regarding the May 12, 2014 order of the bankruptcy court granting Appellee's second motion to compel production of documents. Specifically, Ms. Pawlak sought to appeal directly to the Fourth Circuit a bankruptcy court order requiring her to answer in full all of the interrogatories and requests for production of documents. (See ECF No. 1-2). DOE opposed the motion for certification, (ECF No. 1-4), and Ms. Pawlak replied (ECF No. 1-5). On June 26, 2014, United States Bankruptcy Judge Wendelin I. Lipp issued an order denying Ms. Pawlak's motion. Ms. Pawlak followed with a motion for reconsideration, (ECF No. 1-7), which DOE opposed (ECF No. 9). Judge Lipp denied the motion for reconsideration on July 18, 2014. (ECF No. 1-10). Subsequently, Ms. Pawlak noted the instant appeal. (ECF No. 1). DOE moved to dismiss the appeal on October 28, 2014, contending that the court lacks jurisdiction to consider the appeal (ECF No. 6). Appellant opposed the motion (ECF No. 11), and DOE replied (ECF No. 12).

**II. Analysis**

The jurisdiction of a district court to hear appeals from bankruptcy courts is conferred by 28 U.S.C. § 158(a), which provides in relevant part:

> (a) The district courts of the United States shall have jurisdiction to hear appeals:
>
> (1) from final judgments, orders, and decrees;

2

(2) from interlocutory orders and decrees issued under section 1121(d) of title 11 increasing or reducing the time periods referred to in section 1121 of such title; and

(3) with leave of the court, from other interlocutory orders and decrees[.]

28 U.S.C. § 158(a).

The instant appeal presents a narrow issue, correctly summarized by DOE: "whether the Bankruptcy Court abused its discretion in not issuing a certification under [28 U.S.C.]§ 158(d)(2) to permit a direct interlocutory appeal to the Fourth Circuit about the discovery orders that this Court in the previous appeal dispatched for lack of jurisdiction." (ECF No. 6-1, at 2). First, Appellant has provided no authority to suggest that orders of the Bankruptcy Court denying a motion to file an interlocutory appeal to the Fourth Circuit (and a motion for reconsideration of that denial) are reviewable on appeal to the district court. *See, e.g., Webb v. Driver*, 507 F.App'x 284, 286 (4th Cir. 2013) ("As an initial matter, Webb provides no authority supporting the conclusion that the denial of a request for an interlocutory appeal is itself an appealable order."). The determination of whether to issue a certificate of interlocutory appeal is vested within the discretion of the bankruptcy court, applying the standard in Section 158(d)(2)(A).

Judge Lipp issued an order on June 26, 2014, stating:

3

> Before the Court is the Corrected
> Plaintiff's Request for Certification for
> Direct Interlocutory Appeal to [the] Fourth
> Circuit Court of Appeals (the "Motion") and
> the Opposition thereto filed by the United
> States Department of Education.  The Court
> has considered the Motion and Opposition and
> finds an insufficient basis to certify a
> direct appeal to the United States Court of
> Appeals for the Fourth Circuit pursuant to
> 28 U.S.C. § 158(d)(2).

(ECF No. 1-6).  Appellant has not demonstrated that this order (or the order denying her motion for reconsideration) is reviewable on appeal to the district court.  Moreover, reversal of Judge Lipp's decision to decline to issue an interlocutory appeal certificate would not necessarily result in the questions receiving appellate review because the Fourth Circuit could still decline to hear the appeal.  *See* 28 U.S.C. § 158(d)(2)(A) (noting that even after a bankruptcy court certifies an appeal, the court of appeals must authorize the direct appeal of the judgment, order, or decree).  *See, e.g., Fannin v. CSX Transp., Inc.*, 873 F.2d 1438, 1989 WL 42583, at *2 (4th Cir. 1989) ("[I]nterlocutory review is not to be granted lightly.  While it is a prerequisite to our jurisdiction, certification by a district court that an interlocutory order turned on a 'controlling question of law' does not require us to grant leave to appeal.").

Even assuming the order issued by Judge Lipp on June 26, 2014 is reviewable on appeal and is to be construed as an

4

"interlocutory order," Appellant has not satisfied the requirements of 28 U.S.C. § 158(a)(3).  As explained in the prior opinion, leave to file an interlocutory appeal should be granted only when: 1) the order involves a controlling question of law, 2) as to which there is substantial ground for a difference of opinion, *and* 3) immediate appeal would materially advance the termination of the litigation.  *See KPMG Peat Marwick, LLP v. Estate of Nelco, Ltd., Inc.*, 250 B.R. 74, 78 (E.D.Va. 2000).  Appellant has not shown how Judge Lipp's denial of her motion requesting a certificate of appealability to the Fourth Circuit regarding orders adjudicating discovery disputes involved a controlling question of law as to which there is substantial ground for a difference of opinion.  Finally, as DOE argues "permitting [Appellant] to pursue an interlocutory appeal . . . would only require the parties to brief a number of issues that would not ultimately by themselves be dispositive of the case." (ECF No. 6-1, at 12).

## III. Conclusion

For the foregoing reasons, Appellee's motion to dismiss will be granted.  A separate order will follow.


_____/s/_____
DEBORAH K. CHASANOW
United States District Judge