IN THE UNITED STATES DISTRICT COURT
                       FOR THE DISTRICT OF MARYLAND

IN RE: ELIZABETH JULIA PAWLAK     :
_____

                                  :
ELIZABETH JULIA PAWLAK
        Appellant                 :

   v.                             :  Civil Action No. DKC 14-2839

                                  :
UNITED STATES DEPARTMENT OF
EDUCATION                         :
        Appellee
                                  :

                       **MEMORANDUM OPINION AND ORDER**

Presently pending and ready for resolution in this bankruptcy appeal is a motion for rehearing filed by Appellant Elizabeth J. Pawlak ("Ms. Pawlak" or "Appellant"). (ECF No. 15).[1] The issues have been fully briefed, and the court now rules, no hearing being deemed necessary. *See* Fed.R.Bankr.P. 8012; Local Rule 105.6. For the reasons that follow, the motion will be denied.

**I.   Background**

The facts underlying this bankruptcy appeal were discussed in a prior memorandum opinion and need not be repeated. *See In re Pawlak*, 520 B.R. 177 (D.Md. 2014). On May 22, 2014,

---

[1] Two days after filing a motion for rehearing, Ms. Pawlak filed a supplement to her motion. (ECF No. 17). The supplement contains two exhibits which are irrelevant to the instant motion.

Appellant filed in bankruptcy court a request for certification for direct interlocutory appeal to the United States Court of Appeals for the Fourth Circuit regarding the May 12, 2014 order issued by United States Bankruptcy Judge Wendelin I. Lipp granting Appellee's second motion to compel production of documents.  Specifically, Ms. Pawlak sought to appeal directly to the Fourth Circuit a bankruptcy court order requiring her to answer in full all of the interrogatories and requests for production of documents.  (*See* ECF No. 1-2).  On June 26, 2014, Judge Lipp issued an order denying Ms. Pawlak's motion.  Ms. Pawlak then filed a motion for reconsideration, (ECF No. 1-7), which Judge Lipp again denied.  (ECF No. 1-10).  Subsequently, Ms. Pawlak filed an appeal in this court concerning the order denying the interlocutory appeal to the Fourth Circuit.

On April 1, 2015, the undersigned issued a memorandum opinion and order dismissing her appeal.  (ECF Nos. 13 & 14).  Appellant filed a motion for rehearing on April 15, 2015, which she supplemented two days later.  (ECF Nos. 15 & 17).  DOE opposed the motion.  (ECF No. 16).

**II.  Standard of Review**

The United States District Court for the District of South Carolina identified the appropriate standard in considering a motion for rehearing in *Baurnhaft v. McGuffin*, C/A No. 4:06-CV-3617-RBH, 2007 WL 3119611, at *1 (D.S.C. Oct. 22, 2007):

2

> Fed.R.Bankr.P. 8015 provides that "a motion for rehearing may be filed within 1[4] days after entry of the judgment of the district court . . ." "The purpose of Rule 8015 is to provide recourse to a party . . . after a district court . . . has overlooked or misapprehended some point of law or fact." 10 Collier on Bankr.P. 8015.01 (15th ed.rev. 2004). Although Rule 8015 does not specify the standard for ruling on a petition for rehearing, it appears that most courts have looked by analogy to Fed.R.App.P. 40. . . . Appellate Rule 40 provides that petitions for rehearing must include points which the court allegedly overlooked or misapprehended. Petitions for rehearing should not simply reargue the plaintiff's case or assert new grounds. *See Sierra Club v. Hodel*, 848 F.2d 1068, 1100-01 (10th Cir. 1988).

At base, motions for rehearing are "designed to ensure that the appellate court properly considered all relevant information in rendering its decision." *In re Zegeye*, Civ. No. DKC 04-1387, 2005 WL 544763, at *1 (D.Md. Mar. 4, 2005).

**III. Analysis**

Appellant believes that the court misunderstood the issues on appeal, which she insists required the court to resolve the following "purely legal issues": (1) whether the bankruptcy court may "deny mandatory certification for a direct interlocutory appeal" to the Fourth Circuit; and (2) the appropriate test to be used by the bankruptcy court in determining the existence of "any of the circumstances specified

3

in clause (i), (ii), or (iii) of 28 U.S.C. § 158(d)(2)(A)." (ECF No. 17, at 3).

Contrary to Appellant's assertions, she has not identified any point of law or fact that the court overlooked or misapprehended. At bottom, Ms. Pawlak appeals an order from Judge Lipp denying her request for an interlocutory appeal to the Fourth Circuit. As explained in the April 1, 2015 memorandum opinion, Appellant provides no authority to suggest that orders of the Bankruptcy Court denying a motion to file an interlocutory appeal to the Fourth Circuit (and a motion for reconsideration of that denial) are even reviewable on appeal to the district court. In any event, the determination of whether to issue a certificate of interlocutory appeal is vested within the discretion of the bankruptcy court, applying the standard in Section 158(d)(2)(A).[2] Moreover, as explained in the prior opinion, reversal of Judge Lipp's decision to decline to issue an interlocutory appeal certificate would not necessarily result in the questions receiving appellate review because the Fourth

---

[2] The Supreme Court of the United States recently recognized Section 158(d)(2) as an appropriate mechanism that "allows a broader range of interlocutory decisions to make their way to the courts of appeals." *See Bullard v. Blue Hills Bank*, 135 S.Ct. 1686, 1696 (2015). The Court acknowledged that "[w]hile discretionary review mechanisms such as these do not provide relief in every case, they serve as useful safety valves for promptly correcting serious errors and addressing important legal questions." *Id.* (internal quotation marks omitted). This is not one of those cases, however.

Circuit could still *decline* to hear the appeal.  Even assuming this court could review on appeal the June 26, 2014 order issued by Judge Lipp, Appellant has not satisfied the requirements of 28 U.S.C. § 158(a)(3) for the reasons explained in the April 1, 2015 opinion.  Appellant's disagreement with the court's application of the relevant standard does not provide a basis for rehearing.

Based on the foregoing, it is this 14th day of May, 2015, by the United States District Court for the District of Maryland, ORDERED that:

1. The motions of Appellant Elizabeth Pawlak for rehearing (ECF Nos. 15 & 17) BE, and the same hereby ARE, DENIED; and

2. The clerk is directed to transmit copies of the foregoing Memorandum Opinion and this Order to counsel for Appellee and directly to Appellant Elizabeth J. Pawlak.

                              _____/s/_____
                              DEBORAH K. CHASANOW
                              United States District Judge